UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

NORTHEASTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | FILE NO. |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EAST TENNESSEE HEMATOLOGY- | ) | |
| ONCOLOGY ASSOCIATES, P.C., | ) | |
| EAST TENNESSEE HEMATOLOGY- | ) | |
| ONCOLOGY ASSOCIATES, PC 401(K) | ) | |
| PROFIT SHARING PLAN, a benefit plan, | | |
| WILLIAM R. KINCAID, individually, | ) | |
| MALLARD R. LAMB, individually, | ) | |
| JANET KINCAID, individually, | ) | |
| MARIAN VILLANUEVA, individually, and | ) | |
| CATANZARITE LAW CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | **C O M P L A I N T** |
| | ) | **(Injunctive Relief Sought)** |

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title

pursuant to §§ 409 and 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2) and (5), respectively.

2. This court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Eastern District of Tennessee pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The East Tennessee Hematology-Oncology Associates PC 401(k) Profit Sharing Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant East Tennessee Hematology-Oncology Associates, P.C. (or "the Company") was established as a for-profit medical practice in Johnson City, Tennessee on September 10, 1987. The Company was administratively dissolved on or around August 13, 2013.

6. The Company established the Plan on October 14, 1987.

7. The Company is or was at all times relevant to this action the named Employer, Plan Administrator and Plan Sponsor for the Plan. The Company, therefore, is a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C.

§ 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

8. The Plan's assets are held by Nationwide Trust Company, FSB ("Nationwide"), the custodian for the Plan.

9. The Plan is a 401(k) plan funded by elective employee contributions. The Plan received its last remittance in 2012.

10. Defendant Dr. William R. Kincaid ("Dr. Kincaid") was, at all times relevant to this action, the President of the Company and a named Plan Trustee. As a Plan Trustee, Dr. Kincaid possessed the authority and discretion to manage and control the Plan and its assets. Dr. Kincaid was responsible for the day-to-day operation and administration of the Plan. Therefore, Dr. Kincaid is and was a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Upon information and belief, Dr. Kincaid resides at 193 Keefauver Road, Johnson City, Tennessee 37615.

11. Defendant Dr. Mallard Ray Lamb ("Dr. Lamb") was, at all times relevant to this action, a named Plan Trustee. As a Plan Trustee, Dr. Lamb possessed the authority and discretion to manage and control the Plan and its assets. Dr. Lamb was responsible for administration of the Plan. Therefore, Dr. Lamb is and was a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29

U.S.C. § 1002(14)(A) and (C). Upon information and belief, Dr. Lamb resides at 217 Sterling Springs Drive, Johnson City, Tennessee 37604.

12. Defendant Janet Kincaid was, at all times relevant to this action, a Plan Trustee when she accepted such responsibilities from Defendant Dr. Kincaid, under a durable power of attorney. As a Plan Trustee, Janet Kincaid possessed the authority and discretion to manage and control the Plan and its assets. Janet Kincaid was responsible for administration of the Plan. Therefore, Janet Kincaid is and was a "fiduciary" to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C). Upon information and belief, Janet Kincaid resides at 193 Keefauver Road, Johnson City, Tennessee 37615.

13. Defendant Catanzarite Law Corporation ("Catanzarite Law") is a service provider and was a "party in interest" to the Plan within the meaning of ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B). Upon information and belief, Catanzarite Law's address is 2331 West Lincoln Avenue, Anaheim, California 92801.

14. Defendant Marian Villanueva ("Villanueva") works for Catanzarite Law as the Director of Administration; she was and is the primary contact for Plan participants and handles the day-to-day plan administration as a service provider. Therefore, Villanueva was a "party in interest" to the Plan within the meaning of ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B). Upon information and belief, Villanueva resides at 10649 La Alondra Avenue, Fountain Valley, California 92708.

15. On or around June 24, 2013, Defendants East Tennessee Hematology-Oncology Associates, P.C. and Dr. Kincaid wired assets totaling $71,614 from the Plan's Default Retainer Account to Catanzarite Law's Client Trust Account.

16. On or around June 24, 2013, Defendant Catanzarite Law accepted a transfer of funds from the Plan's Default Retainer account.

17. On or around October 23, 2013, Defendants East Tennessee Hematology-Oncology Associates, P.C. and Janet Kincaid sent assets totaling $47,714.40 from the Plan's Default Retainer Account to Tennessee law firm Jessee & Jessee and Defendant Dr. Lamb.

18. On and before December 31, 2016, Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, and Dr. Lamb failed to allocate the Plan's forfeiture account balance to the Plan's participant accounts.

19. Defendants also have failed to prepare Form 5500's and distribute Summary Annual Reports from 2012 until present and have abandoned plan administration.

20. The Plan has approximately $204,437.05 in assets and seventeen participants, including eleven with account balances.

21. By causing, allowing or engaging in the acts or omissions set forth in Paragraphs 15 through 19, Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, Janet Kincaid, and Dr. Lamb, as fiduciaries of the Plan:

a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(l)(A), 29 U.S.C. § 1104(a)(l)(A);

b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA§ 404(a)(1)(B), 29 U.S.C. § 1104(a)(l)(B).

c) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

d) dealt with assets of the Plan in their own interests or accounts, in violation of ERISA Section 406(b)(1), 29 U.S.C. §1106(b)(1); and

e) acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

  A. Order Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, Janet Kincaid, and Dr. Lamb to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations;

  B. Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997)(codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, Janet Kincaid, and Dr. Lamb and reallocated to the nonbreaching participants;

  C. Remove Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, Janet Kincaid, and Dr. Lamb as Plan fiduciaries and appoint a successor fiduciary or administrator to arrange for the termination of the Plan and distribution of assets, at Defendants' expense, including the cost of the successor fiduciary or administrator;

  D. Permanently enjoin Defendants East Tennessee Hematology-Oncology Associates, P.C., Dr. Kincaid, Janet Kincaid, and Dr. Lamb from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative,

or having control over the assets of any employee benefit plan subject to ERISA;

      E.      Enjoin Defendants from engaging in any further action in violation of Title 1 of ERISA;

      F.      Order Villanueva and Catanzarite Law to disgorge all fees earned as a result of payments for administering the Plan and allocate all disgorged fees to Plan participants and beneficiaries;

      G.      Award Plaintiff the costs of this action; and

      H.      Provide such other relief as may be just and equitable.

[SIGNATURE BLOCK ON NEXT PAGE]

| | |
|---|---|
| ADDRESS: | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:<br> (404) 302-5460 (Office)<br> (404) 302-5438 (Facsimile)<br> Attorney E-mail address:<br>hollingsworth.charna@dol.gov<br> lewis.robert@dol.gov<br> ATL.FEDCOURT@dol.gov | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT M. LEWIS<br>Counsel<br><br><br><br><br>By: *s/Charna C. Hollingsworth-Malone*<br>     CHARNA C. HOLLINGSWORTH-MALONE<br>     Senior Trial Attorney<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |

SOL Case No. 18-00727